UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| NICHOLAS MOLE, | ) | CIVIL ACTION NO.:  9:12-cv-2092-SB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT CELLUCOR SPORTS |
| | ) | NUTRITION, LTD., WOODBOLT |
| GENERAL NUTRITION CENTERS, INC., | ) | MANAGEMENT, LLC AND |
| CELLUCLOR SPORTS NUTRITION, | ) | WOODBOLT INTERNATIONAL'S |
| WOODBOLT DISTRIBUTION, LTD., | ) | RULE 26.01 DISCLOSURES |
| WOODBOLT MANAGEMENT, LLC | ) | |
| AND WOODBOLT INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants above named respond to the Court's Rule 26.01 Disclosures as follows:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**Answer:** **None known at this time.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**Answer:** **Plaintiff's claims for damages should be tried by jury trial.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**Answer:  None of the "Woodbolt" entities are publicly owned companies.**
        **(1)** **None.**
        **(2)** **None.**
        **(3)** **None.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

Answer: Plaintiff's claims arose in Hampton County, South Carolina, in the Beaufort Division.

(E) Is this action related in whole or in part to any other matter filed in the District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related such that they should be assigned to a single judge will be determined by the Clerk of Court based on determination of whether the cases: arise from the same or identical transaction, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

Answer: **This action is not related to any other matter filed in this District.**

(F) If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

Answer: **Cellucor Sports Nutrition is a brand name. It is not a legal entity. Woodbolt Distribution, Ltd. is properly identified as Woodbolt Distribution, LLC. Woodbolt Management, LLC is properly identified. Woodbolt International is not a legal entity. Woodbolt Distribution, LLC does business as Woodbolt International.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

Answer: None.

TURNER PADGET GRAHAM & LANEY P.A.

By: /s/ John K. Blincow, Jr.
John K. Blincow, Jr., 1357
JBlincow@TurnerPadget.com
Ashley S. Heslop, 9420
AHeslop@TurnerPadget.com
P.O. Box 22129
Charleston, South Carolina 29413
Telephone: (843) 576-2806
Facsimile: (843) 577-1624

ATTORNEYS FOR DEFENDANTS

July 26, 2012